IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-01-360 (3) |
| | § | C.A. No. C-05-172 |
| SHAWN QUINTIN HEINAMAN | § | |
| | § | |
| Defendant-Movant. | § | |

**ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE AND
ORDER DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Shawn Quintin Heinaman's ("Heinaman") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (D.E. 221).[1] Also before the Court is the government's response, which moves for the dismissal of Heinaman's motion. (D.E. 224). Heinaman has filed a response to the motion to dismiss, which the Court has also considered. (D.E. 225). For the reasons set forth below, Heinaman's § 2255 motion is DENIED. (D.E. 221). Additionally, the Court DENIES Heinaman a Certificate of Appealability.

**I. JURISDICTION**

The Court has jurisdiction over this matter under 28 U.S.C. § 2255.

**II. PROCEDURAL HISTORY**

On November 16, 2001, Heinaman was charged in a five-count indictment with three co-defendants. (D.E. 1). Heinaman was named in two of the counts, in which he was charged with: 1) knowingly and intentionally conspiring to possess with intent to distribute more than 50 grams of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C.

---

[1] Docket entry references are to the criminal case, CR. No. C-01-360.

§§ 841(a)(1), 841(b)(1)(A), and 846 (count one); and 2) knowingly and intentionally possessing with intent to distribute approximately 4500 grams of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) (count four). (D.E. 1). On January 31, 2002, Heinaman pleaded guilty to count one of the indictment, pursuant to a written plea agreement with the government. (D.E. 83, 84; D.E. 212, Transcript of Rearraignment, hereinafter "R. Tr.").

The terms of the plea agreement were that, in exchange for his guilty plea to count one, the United States agreed to move to dismiss the remaining count at sentencing, to recommend the maximum credit for acceptance of responsibility, and to argue for a sentence within the guideline range for the offense. (D.E. 84 at ¶¶ 2). Additionally, the United States agreed to move for a downward departure if Heinaman provided substantial assistance to the United States, in the event it determined his assistance was worthy of such a motion. (D.E. 84 at ¶ 3). At the rearraignment, Heinaman indicated that he understood the terms of the agreement. (R. Tr. at 26-29).

Pursuant to the Court's instructions, the probation department prepared a Presentence Investigation Report ("PSR"), and Heinaman, through counsel, filed objections to the PSR. (D.E. 127). Heinaman's sentencing began on December 11, 2003, and was continued until December 18, 2003, whin it concluded. (D.E. 201; D.E. 211; D.E. 210, December 18, 2003 Sentencing Transcript, hereinafter "S. Tr.").

At sentencing, the Court determined that Heinaman's total offense level was 33, and his criminal history category was II, resulting in a guideline range of 151 to 188 months. (S. Tr. at 5). The government made a motion for a one-level downward departure, which resulted in a guideline range of 135 to 168 months. (S. Tr. at 6-7, 9). The Court imposed a 118-month term of imprisonment, to be followed by a four-year term of supervised release, and imposed a $100 fine, and a $100 special

assessment. (S. Tr. at 10). Judgment was entered on December 24, 2003. (D.E. 202).

Heinaman appealed. (D.E. 204). His attorney filed an Anders brief in which he stated that he did not believe the record had any meritorious grounds for appeal, and also filed a motion for leave to withdraw. (D.E. 224, Govt. Exh. 1). Heinaman was given an opportunity to file a response to his counsel's brief, and to raise any meritorious issues at that time, but declined to do so. On August 18, 2004, the Fifth Circuit issued a per curiam decision, stating:

> Our independent review of the record and counsel's brief shows that there are no nonfrivolous issues for appeal. Accordingly, the motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and this appeal is DISMISSED.

(D.E. 220). The mandate issued on September 9, 2004. (D.E. 219). Heinaman did not file a petition for writ of certiorari. (See generally docket sheet in United States v. Heinaman, No. 04-40164 (5th Cir.)).

Heinaman filed the instant § 2255 motion on April 11, 2005. (D.E. 221). It is timely.

### III. MOVANT'S ALLEGATIONS

Heinaman lists three grounds for relief. First, he claims that his guilty plea was unknowing and involuntary. Second, he argues that he was denied his right to appeal because his attorney failed to file an appeal on his behalf. Finally, he asserts an ineffective assistance of counsel claim, which closely relates to the first two claims. That is, Heinaman argues that his counsel gave him incorrect advice with regard to his plea and that his counsel failed to follows the procedure in Anders because he filed a brief "which did not assert any arguable errors whatsoever." (D.E. 221 at 7). As discussed in detail herein, he is not entitled to relief on any of his claims.

### IV. DISCUSSION

**A.     28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).  "[A] collateral challenge may not do service for an appeal."  United States v. Frady, 456 U.S. 152, 165 (1982).

**B.     Procedural Bar**

Where a defendant fails to raise an issue in his criminal proceedings, that issue is procedurally barred from consideration in § 2255 proceedings.  See United States v. Lopez, 248 F.3d 427, 433 (5th Cir. 2001); United States v. Kallestad, 236 F.3d 225, 227 (5th Cir. 2000).  A district court may consider a defaulted claim only if the petitioner can demonstrate either (1) cause for his default and actual prejudice; or (2) that he is factually innocent of the crime charged.  Bousley v. United States, 523 U.S. 614, 622 (1998); United States v. Jones, 172 F.3d 381, 384 (5th Cir. 1999).

Heinaman's second and third claims are essentially claims of ineffective assistance of counsel. Such claims are properly made for the first time in § 2255 motions because they raise an issue of constitutional magnitude and generally cannot be raised on direct appeal.  United States v. Bass, 310 F.3d 321, 325 (5th Cir. 2002); United States v. Pierce, 959 F.2d 1297, 1301 (5th Cir. 1992).  Thus,

it will be necessary to address the merits of his ineffective assistance claims, which the Court does herein.

As to his first claim, i.e., that his guilty plea was not knowing and voluntary, it is a claim should have been raised on direct appeal.[2] The Fifth Circuit's docket sheet in his appeal reflects that his appointed counsel filed an Anders brief and that Sanchez did not file a brief in response. The Fifth Circuit so stated in its opinion. United States v. Valentin Sanchez-Lira, No. 00-40503 (5th Cir. August 10, 2001 opinion dismissing appeal). His failure to raise this ground precludes this Court's consideration of the claim as part of his § 2255 motion, unless Heinaman can demonstrate either "cause and prejudice" or "actual innocence." Bousley, 523 U.S. at 622; Jones, 172 F.3d at 384. His claim that his counsel was ineffective on appeal would satisfy the cause and prejudice standard. United States v. Patten, 40 F.3d 774 (5th Cir. 1994) (claim that appellate counsel was ineffective for failing to raise a constitutional issue on direct appeal satisfies the cause and prejudice standard). Thus, the undersigned considers the merits of his claim concerning his plea, rather than dismissing it based on the procedural bar.

## C.     Unknowing and Involuntary Guilty Plea

Heinaman argues that his guilty plea was not knowing and voluntary because he was not guilty of the amount of drugs stated in his plea agreement and that he did not plead guilty to the amount of drugs stated in his Presentence Investigation Report. Essentially, he seems to be claiming that he was sentenced based on higher drug amounts counted as "relevant conduct," and that his subsequent sentence rendered his guilty plea unknowing or involuntary. In particular, he contends that he did not

---

[2] The Anders brief did, however, cite to the law regarding knowing and voluntary guilty pleas and to pertinent parts of the record relevant to whether Heinaman's plea was valid. The brief concluded, however, that: "It appears from the record that Heinaman made a knowing and voluntary plea of guilty ..." App. Brief at 9 (D.E. 224, Exh. 1).

want to plead guilty to more than 28 grams of methamphetamine, that when he signed his plea agreement, he did not know he would be pleading guilty to more than 50 grams of methamphetamine, and that he was tricked into pleading guilty by his attorney, who allegedly told him he would receive no more than 5 years. (D.E. 221 at 3-4).

Heinaman's claim that he did not understand the charges against him or that he was not informed of the possible sentence he could receive is flatly contradicted by his own testimony in this case. At the time that he pleaded guilty, the Court properly and fully assured itself that his plea was knowing and voluntary, as a trial judge is required to do. See James v. Cain, 56 F.3d 662, 666 (5th Cir. 1995); Taylor v. Whitley, 933 F.2d 325, 329 (5th Cir. 1991), cert. denied, 112 S. Ct. 1678 (1992) (defendant must have a full understanding of what the plea connotes and of its consequences). The Fifth Circuit has identified three core concerns in a guilty plea proceeding: (1) the absence of coercion; (2) a full understanding of the charges; and (3) a realistic appreciation of the consequences of the plea. United States v. Garcia, 983 F.2d 625, 627-28 (5th Cir. 1993). In this case, Heinaman's own testimony makes clear that his guilty plea was knowing and voluntary and contradicts any belated assertion of a lack of understanding of the charges against him or the possible sentence he might receive.

At his rearraignment, Heinaman testified in open court that he had time to talk with his attorney, that his attorney had answered all of his questions, that his attorney had seen him in jail and accepted his phone calls, that he was able to communicate completely with his attorney, and that he was satisfied with the advice and efforts of his attorney. (R. Tr. at 14-17). The Court then informed Heinaman of the charge against him and he testified that he understood it. (R. Tr. at 17-18, 20).

Of particular importance to his § 2255 claim, the Court twice discussed with Heinaman the concept of "relevant conduct" and explained to him how relevant conduct could make his sentence

higher. Early on during the rearraignment, the Court mentioned the concept:

> THE COURT: Have you discussed all five counts of this indictment with your attorney? Mr. Heinaman?
>
> DEFENDANT: Yes, Your Honor, I believe so.
> ...
>
> THE COURT: Well, the reason that's going to become important is later on I'm going to discuss with you relevant conduct, and it may have some bearing on your relevant conduct. I don't know. I just want to make sure you've had all your warnings.

(R. Tr. at 19). At a later point during the rearraignment, the Court explained further:

> THE COURT: In particular, which is relevant to you here, ... is the concept of relevant conduct. I want to make sure you've discussed it with your attorney and that you understand it. If the Probation Department determines in their investigation of your background that you have participated in other drug-related activities that are relevant to the count for which you're pleading, all the drugs could be added together, so that you could be sentenced at a higher guideline, and therefore, given a higher sentence than if you were sentenced just on the drugs described in the count for which you're pleading. Even in dismissed counts, those drugs can be used as to relevant conduct, and uncharged matters. Do you understand this and have you discussed it with your attorney? ... Mr. Heinaman?
>
> DEFENDANT: Yes, Your Honor.

(R. Tr. at 35-36).

Consistent with Rule 11, Fed. R. Crim P., the Court explained to Heinaman the maximum punishment that he might receive. Specifically, the Court informed him that he could be sentenced to a maximum of forty years in prison, but that he was subject to a mandatory minimum of five years. (R. Tr. at 32). The Court also explained that he was subject to a statutory minimum sentence of supervised release of four years, but that supervised release could last the rest of his life. The Court also informed him that he could be fined up to $2 million. (R. Tr. at 32-34).

Heinaman testified repeatedly that no one had made any promises to him concerning the

7

sentence he would receive, that no one had coerced him to plead guilty, and that his decision to plead guilty was entirely voluntary. (R. Tr. at 37-38). The Court explained that the final decision as to his sentence rested with the Court, not the U.S. Attorney, and that it was the Court who would determine his sentence pursuant to the guidelines. (R. Tr. 36-38).

Heinaman's sworn statements in open court are entitled to a strong presumption of truthfulness. United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002). Put simply, Heinaman's sworn statements preclude the relief he seeks here. He was not coerced, he understood the charges against him, and he understood the possible maximum sentence he faced. See Garcia, 983 F.2d at 627-28.

Similarly, to the extent he claims that he was "induced" into pleading guilty by promises from his attorney that he would only receive five years, his claim fails because he has failed to provide any specific information in support of his claim. If a § 2255 movant claims that he was promised a specific sentence, in the face of his inconsistent statements under oath, his claim goes forward only under narrow circumstances. See United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998). Specifically, a defendant may seek habeas relief on the basis of alleged promises, even though inconsistent with his representations in open court, by proving: (1) the exact terms of the alleged promise; (2) exactly when, where, and by whom the promise was made; and (3) the precise identity of an eyewitness to the promise. 132 F.3d at 1110. A defendant is entitled to an evidentiary hearing on the issue if he can produce evidence showing the merit of his allegations, typically in the form of an affidavit from a reliable third party. Id.

Heinaman has not specified when or where his attorney supposedly made the alleged promise

promise, nor has he identified an eyewitness to his claim, let alone provided any affidavit from a reliable third party. In short, then, his claim that he was "induced" into pleading guilty is foreclosed by his own testimony and lack of any contradictory evidence as specified in Cervantes.

For all of the foregoing reasons, Heinaman's claim that his guilty plea was involuntary or unknowing is without merit.

### D.     Ineffective Assistance of Counsel

Heinaman's related claim is that he was denied effective assistance of counsel. As noted above, he bases this claim on assertions that his counsel did not adequately determine whether he was pleading guilty to any specific type of methamphetamine, and because his counsel failed to pursue his appeal. With regard to his appeal, he claims that the brief his counsel filed pursuant to Anders v. California, 386 U.S. 738 (1967) should have asserted arguable issues of error, and that it did not.

His claims are properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. U.S. v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001).

If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"), cert. denied, 514 U.S. 1071 (1995); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

### 1. Alleged Failures of Counsel at Plea

Heinaman's claim that he was denied ineffective assistance due to his counsel's failure to inform him of the consequences of his plea fails because he cannot establish prejudice. A defendant suffers no prejudice due to receiving misinformation from his attorney where the plea colloquy reflects that the district court corrected any such misinformation. See Lott v. Hargett, 80 F.3d 161, 167-68 (5th Cir. 1996). Thus, even if his counsel failed to properly inform him of the possible maximum sentence he could receive, it is clear that any misinformation Heinaman received from his attorney regarding his sentence was corrected by this Court prior to its acceptance of his guilty plea. His claim is without merit.

He also claims that his counsel failed to "determine" what type of methamphetamine Heinaman possessed and what he was being sentenced for. Specifically, he makes the assertion that he may have possessed l-methamphetamine, but was sentenced for d-methamphetamine. This contention, too, is without merit. At the time of Heinaman's indictment, the guidelines referred to d-methamphetamine as "methamphetamine (actual)" and to l-methamphetamine as "methamphetamine," further defined as a mixture or substance containing a detectable amount of methamphetamine. United States v. Seyfert, 67 F.3d 544, 548 (5th Cir. 1995). As noted by the government, Heinaman was indicted for and sentenced based on "a mixture and substance containing a detectable amount of methamphetamine," which carries a *less severe* sentence than methamphetamine (actual). Thus, there is no merit to his argument and he was not prejudiced by his counsel's failure to raise it. See United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument ... cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue.").

### 2. Alleged Failure to Appeal

Heinaman also contends that his attorney rendered ineffective assistance on appeal. He claims that he was therefore denied his right to appeal. As noted above, Heinaman did in fact receive his right to appeal, and the Fifth Circuit dismissed his appeal as frivolous. Although Heinaman initially filed his notice of appeal *pro se*, his sentencing counsel, Vincent A. Gonzalez, was subsequently appointed by this Court to represent him on appeal. (D.E. 204, 206). His counsel properly followed <u>Anders</u> procedure, by requesting leave to withdraw and filing a brief referring to anything that might arguably support an appeal. The Fifth Circuit sent Heinaman explaining his attorney's actions and giving him thirty days to respond. Heinaman failed to respond.

The Court acknowledges that Heinaman's *pro se* notice of appeal was not timely and that defense counsel correctly pointed that fact out to the Court of Appeals in his brief. Construed liberally, Heinaman's § 2255 motion could be arguing that his counsel should have timely filed the notice of appeal and that, by failing to do so, Heinaman was denied his right to appeal. The problem with that argument is that the Fifth Circuit dismissed his appeal not for lack of jurisdiction based on an untimely notice of appeal, but after reviewing the record in the case and determining the appeal to be frivolous. (D.E. 220). Thus, he was not denied his appeal or his right to appeal by any actions of his counsel.

For all of the foregoing reasons, Heinaman's ineffective assistance claims fail.

### E. <u>Certificate of Appealability</u>

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Heinaman has not yet filed a notice of appeal, this Court nonetheless

11

addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

The Court concludes that reasonable jurists could not debate the denial of Heinaman's § 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El, 123 S. Ct. at 1034 (citing Slack, 529 U.S. at 484). Accordingly, Heinaman is not entitled to a COA as to his claims.

### V. CONCLUSION

For the aforementioned reasons, Heinaman's motion to vacate, set aside, or correct sentence

pursuant to 28 U.S.C. § 2255 (D.E. 221) is DENIED.  Additionally, Heinaman is DENIED a Certificate of Appealability.

ORDERED this 6th day of September 2005.

_____
Janis Graham Jack
United States District Judge